<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GRUZ SIMMS,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, FCI FORT DIX,<br><br>    Respondent. | No. 25-cv-17583 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Petitioner Gruz Simms ("Simms"), a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' ("BOP") statutory interpretation of a provision of the First Step Act of 2018 ("FSA"). D.E. 1 ("Petition" or "Pet."). For relief, Petitioner seeks application of his FSA time credits and individualized review for prerelease custody. *Id.* at 1.

The Court is required, pursuant to Rule 4 of the Rules Governing § 2254 Cases, applicable to § 2241 through Rule 1(b) (scope of the Rules), to preliminarily screen the Petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," and if so, "the judge must dismiss the petition." For the reasons explained below, the Court will **DISMISS** the Petition *without prejudice*.

**I.    BACKGROUND**

Simms is serving a federal sentence at FCI Fort Dix. Pet. at 2. In 2025, Simms was eligible to earn FSA time credits, and he did so by successfully participating in evidence-based recidivism reduction programming. *Id.* At the time the Petition was filed, Simms was subject to an

immigration detainer, but not a final order of removal.  *Id.*  Nonetheless, FCI Fort Dix staff informed Simms that his detainer disqualified him from applying his FSA time credits toward prerelease custody, and did so without any individualized review or risk assessment.  *Id.*  Simms contends exhaustion of administrative remedies is futile because BOP relies on a policy statement that conflicts with the FSA.  *Id.* at 3.

In response to the Petition, Respondent argues the Petition should be dismissed because Simms does not raise an issue of statutory construction; therefore, exhaustion of administrative remedies is *not* futile.  D.E. 9 ("Answer") at 7-9.  Furthermore, Respondent contends that Simms is not entitled to relief because he received an individualized determination of his suitability for prerelease placement, which was denied because he is subject to a final order of removal; in turn, he was disqualified from having his FSA earned time credits applied to his prerelease placement. *Id.* at 14-16.

Simms replied to the Answer.  D.E. 11 ("Reply").  In his Reply, Simms argues that his removal order is contested because he filed a motion to reopen with the Department of Homeland Security ("DHS").  *Id.*  Simms further alleges that DHS violated his due process rights in the issuance of the expedited final order of removal.  D.E. 12 ("Mem. of Law in Supp. of Reply") at 2-3.  Simms also filed a supplemental reply, D.E. 10, in which he asserts: (1) habeas relief remains available because he raises constitutional violations; (2) Section 2241 provides jurisdiction where 28 U.S.C. § 2255 fails to provide adequate or effective relief; (3) there is a miscarriage of justice exception to claims that are barred; and (4) habeas corpus is a critical safeguard that serves as a check on executive detention.

## II.    LEGAL STANDARD

### A.    Exhaustion of Administrative Remedies

"The Third Circuit has consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citation modified). Exhausting administrative remedies: "(1) allow[s] the appropriate agency to develop a factual record and apply its expertise [to] facilitate judicial review; (2) permit[s] agencies to grant the relief requested [and] conserves judicial resources; and (3) provid[es] agencies the opportunity to correct their own errors [to] foster[] administrative autonomy." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996) (citations omitted).

There are four steps to exhaust the BOP's administrative remedy program. *See* 28 C.F.R. §§ 542.10 *et seq.* (regulations governing BOP administrative remedy program). The first step involves informal resolution with a staff member, § 542.13; the second step is a formal written complaint to the warden, § 542.14; the third step is appeal to the BOP Regional Director, § 542.15(a); and the final step is appeal to the General Counsel in the Central Office, § 542.15(a). Exhaustion of administrative remedies may be excused "if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010). Additionally, "a prisoner need not exhaust administrative remedies where the issue presented involves only statutory construction[.]" *Vasquez v. Strada*, 684 F.3d 431, 433–34 (3d Cir. 2012).

### B.    FSA Time Credits

Under the FSA, inmates who are eligible and successfully participate in recidivism-reduction programming and productive activities can earn "FSA time credits," which can be applied toward pre-release custody or early transfer to supervised release. 18 U.S.C.

§ 3632(d)(4)(A), 18 U.S.C. § 3624(g).  The FSA bars certain inmates from receiving or applying FSA time credits.  18 U.S.C. § 3632(d)(4)(D)-(E).  Relevant here, "[a] prisoner is ineligible to apply time credits … if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17)))."  18 U.S.C. § 3632(d)(4)(E)(i).

## II.   ANALYSIS

Simms admittedly failed to exhaust the BOP's administrative remedies prior to filing his Petition.  Pet. at 3.  Simms contends exhaustion is futile because he challenges a rescinded "detainer-exclusion policy."  *Id.* at 3.  Exhaustion is not excused to challenge a rescinded policy because the policy is no longer in effect.  *See Guess v. Werlinger*, 421 F. App'x 215, 217 (3d Cir. 2011) ('To the extent that [the petitioner] contested the validity of the BOP's policy, he did not need to exhaust his administrative remedies.").

But even if the Court were to excuse exhaustion on this basis, Simms is now subject to a final order of removal—not simply a detainer—which precludes the BOP from applying FSA time credits toward his prerelease custody.  18 U.S.C. § 3632(d)(4)(E)(i); *see also Rico-Lopez v. Warden, FCI Fort Dix*, No. 24-9186, 2025 WL 892964, at *2 (D.N.J. Mar. 21, 2025) (concluding an expedited order of removal is a final order and is not subject to administrative or judicial review).  The Court will **DISMISS** the Petition ***without prejudice*** for failure to exhaust administrative remedies.

## III.   CONCLUSION

For the reasons explained above,

**IT IS**, on this **11**[th] day of May 2026,

5

**ORDERED** that the Petition is **DISMISSED** *without prejudice* for Petitioner's failure to exhaust administrative remedies; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is further

**ORDERED** that the Clerk of Court shall send a copy of this Order to Petitioner by regular mail.

Evelyn Padin, U.S.D.J.